Prob 12C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETITION FOR WARRANT OR SUMMONS FOR
OFFENDER UNDER SUPERVISION

| | |
|---|---|
| **Offender Name:** | Damion Lamont HARRIS |
| **Docket Number:** | 2:04CR00345-01 |
| **Offender Address:** | Sacramento, California |
| **Judicial Officer:** | Honorable John A. Mendez<br>United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 06/23/2005 |
| **Original Offense:** | 18 USC 922(g)(1) - Felon in Possession of a Firearm<br>(CLASS C FELONY) |
| **Original Sentence:** | 57 months Bureau of Prisons; 36 months term of supervised release; $100 special assessment. |
| **Special Conditions:** | Search, Drug and alcohol treatment and testing; cell phone restrictions; Aftercare copayment; Disclosure of business/personal cell phone records; submit to the collection of DNA. |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 04/13/2009 |
| **Assistant U.S. Attorney:** | William S. Wong  **Telephone:** (916) 554-2900 |
| **Assistant Federal Defender:** | Caro Marks  **Telephone:** (916) 498-5710 |
| **Other Court Action:** | None. |

Rev. 02/2009
VIOLATION__PETITION
(PROB12C).MRG

RE:   Damion Lamont HARRIS
       Docket Number:   2:04CR00345-01
       **PETITION FOR WARRANT OR SUMMONS**
       **FOR OFFENDER UNDER SUPERVISION**

**PETITIONING THE COURT**

**( X )   OTHER:**  The offender is to appear before the Court on July 13, 2010 at 9:30 a.m., to show cause why supervision heretofore granted should not be revoked.  The probation officer is hereby directed to notify the offender and counsel of said hearing.

The probation officer alleges the offender has violated the following condition(s) of supervision:

**Charge Number**        **Nature of Violation**

**Charge 1:**            **NEW LAW VIOLATION**

Since June 2006, the United States Postal Inspection Service has been investigating a scheme involving stolen postal money orders.  The suspects would steal the postal money orders from PG&E, alter them, and cash the stolen money orders at the post office throughout the Bay Area and in Nevada.  The United States Postal Inspection Service has documented over 300 altered United States postal money orders which were mailed from customers to PG&E as payments and did not get deposited into PG&E and were later cashed by other individuals.  The total cost of these money orders is approximately $250,000.  Customers placed claims with the United States Postal Office for lost or stolen money orders.  The customers were refunded the amount of the money order so the loss is to the United States Postal Service.  During this investigation, it was learned that on March 26, 2010, Damion Lamont Harris cashed one of the stolen money orders, as well as used proceeds from another stolen money order to purchase a new money order of which he also cashed.  The amount of both money orders totaled $1,150.  Additionally, Mr. Harris drove another participant in the scheme, Becky Bordan, to Reno, Nevada, where she cashed stolen money orders.  He also drove Ms. Bordan to Fresno and Ripon, where she cashed additional stolen money orders.

**RE:    Damion Lamont HARRIS**
**Docket Number:   2:04CR00345-01**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

On April 6, 2010, United States Postal Inspector Racimo along with the undersigned met with Mr. Harris.  During that conversation, he admitted to driving Ms. Bordan to Reno and that he did cash one money order.  He denied knowing the money orders were stolen or that Ms. Bordan was involved in a scheme to cash stolen money orders.  He admitted to driving her outside of the district to Reno, Nevada.  This is in violation of 18 USC 1708 - Theft or Receipt of Stolen Mail Matter; 18 USC 371 - Conspiracy; and 18 USC 500 - Money Order Fraud.  Mr. Harris' conduct is in violation of the standard condition of supervision which states he shall not commit any local, state, or federal law.

**Charge 2:**          **TRAVEL OUTSIDE OF THE DISTRICT WITHOUT PERMISSION OF THE COURT OR THE PROBATION OFFICER**

On March 25, 2010, the offender traveled outside of the district to Reno, Nevada, without permission of the Court or the probation officer.  This is in violation of standard condition which states the defendant shall not leave the judicial district without permission of the Court or the probation officer.

**Justification:**  Since Mr. Harris' term of supervised release began on April 13, 2009, his compliance with supervision has been marginal.  Mr. Harris was placed on an employment search and asked to document his employment search.  Mr. Harris failed to follow those instructions.  To date, he continues to be unemployed.  He resides with mother in Sacramento, California.  Due to his minimal efforts on supervision and his participation in this rather large conspiracy to obtain stolen postal money orders, it seems appropriate he be brought before the Court.

    **Custody Status/Location** -  N/A
    **Booking/CDC Number -**  N/A

**Bail/Detention:**   At this time, the offender is not considered a flight risk nor a danger to the community; however, this could change depending on his compliance of supervision.

Rev. 02/2009
VIOLATION__PETITION
(PROB12C).MRG

**RE:** **Damion Lamont HARRIS**
**Docket Number: 2:04CR00345-01**
**PETITION FOR WARRANT OR SUMMONS**
<u>**FOR OFFENDER UNDER SUPERVISION**</u>

**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON**:   June 15, 2010
Sacramento, California
CJM/sc

Respectfully submitted,

/s/ Cynthia J. Mazzei
**CYNTHIA J. MAZZEI**
**Senior United States Probation Officer**
Telephone:  (916) 930-4315

**REVIEWED BY**:   /s/ Kyriacos M. Simonidis
**KYRIACOS M. SIMONIDIS**
**Supervising United States Probation Officer**

RE:  Damion Lamont HARRIS
     Docket Number:  2:04CR00345-01
     **PETITION FOR WARRANT OR SUMMONS**
     **FOR OFFENDER UNDER SUPERVISION**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

( )  The issuance of a warrant      ( )  Bail set at $ _____      ( )  No Bail

( x ) The issuance of a summons (copy to Defense Counsel).  Order to appear July 13, 2010 at 9:30 a.m.

( )  Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

( )  Defendant is ordered detained, to be brought before District Judge forthwith.

( )  Initial appearance and detention hearing before Magistrate Judge.


| 06/15/2010 | /s/ John A. Mendez |
|---|---|
| **Date** | **Signature of Judicial Officer** |


cc:   United States Probation
      William S. Wong, Assistant United States Attorney
      Caro Marks, Assistant Federal Defender

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable
United States District Judge
Sacramento, California

                              RE:    **Damion Lamont HARRIS**
                                       Docket Number:   2:04CR00345-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**    **NEW LAW VIOLATION**

    **A.**    **Evidence:**

        (1)    United States Postal Inspector, Case Number 1759766-MF.

    **B.**    **Witnesses:**

        (1)    United States Postal Inspectors will testify the offender cashed a stolen money order, as well as a money order which was purchased from proceeds from a stolen money order.

**Charge 2:**    **LEAVING THE JUDICIAL DISTRICT WITHOUT PERMISSION OF THE COURT OR THE PROBATION OFFICER**

    **A.**    **Evidence:**

        (1)    Conditions of supervised release.

    **B.**    **Witnesses:**

        (1)    Senior United States Probation Officer Cynthia J. Mazzei will testify the offender did not have permission to travel to Reno, Nevada.

                    Respectfully submitted,

                    /s/ Cynthia J. Mazzei
                    **CYNTHIA J. MAZZEI**
                    **Senior United States Probation Officer**

**DATED:**    June 15, 2010
              Sacramento, California
              CJM/sc

**REVIEWED BY**:   /s/ Kyriacos Simonidis
                          **KYRIACOS SIMONIDIS**
                          **Supervising United States Probation Officer**

# REVOCATION GUIDE - SUPERVISED RELEASE

**Offender Name:**   Damion Lamont HARRIS          **Docket Number:** 2:04CR00345-01

**Date of original offense:**   09/08/2004

**Original term of supervised release imposed:**   3  years

**Highest grade of violation alleged:**   B

**Criminal History Category of offender:**   IV

**Chapter 7 range of imprisonment:**   12 to 18 months

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

|   | **Class A felony - 5 years (or stat max of __ years if longer)** |
| --- | --- |
| __ | **Class B felony - 3 years** |
| X | **Class C and/or D felony - 2 years** |
| __ | **Class E felony and misdemeanors - 1 year** |

**Violation requires mandatory revocation:  YES:** __   **NO:**  X

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.

June 15, 2010
CJM/sc